Leitensdorfer v. Hempstead.

———◄●●►———

LEITENSDORFER *et al.*, Plaintiffs in Error, *vs.* HEMPSTEAD, Defendant in Error.

1. To render a subsequent conveyance an avoidance of the prior conveyance of an infant, it must be inconsistent therewith, so that both cannot properly stand together. Thus, where a minor conveyed her interest in a tract of land, and afterwards acquired another interest by inheritance, a deed subsequently executed by her after majority, conveying " all her right, title and interest" in the tract, *was held,* not to be an avoidance of the prior deed.

*Error to St. Louis Circuit Court.*

This was a petition filed by Thomas Leitensdorfer, for partition of two tracts of land formerly owned by Amable Chartrand, sr., a portion of whose heirs had conveyed to the petitioner. The defendants were the other heirs or their representatives. Amable Chartrand, sr., died, leaving twelve children. Noel Chartrand was one of the sons, and Ursule Chartrand one of the daughters. On the 15th of December, 1828, Ursule, being then a minor, joined in a conveyance, by which she conveyed all her interest in the two tracts described in the petition to her brother, Noel. In 1832 or 1833, Noel died, leaving his brothers and sisters as his heirs. On the 5th of June, 1851, Ursule having previously intermarried with Pascal Mallette, she and her husband conveyed to Drake and Hempstead " all their right, title and interest, estate, claim and demand, in law or equity, in possession or expectancy, remainder or reversion, of, in and to" the said two tracts described in the petition. Drake subsequently conveyed to Hempstead. The Circuit Court held that the deed of 1851 was an avoidance of the deed of 1828, and adjudged to Hempstead an interest accordingly, from which judgment the other defendants, as well as the plaintiff, appealed.

*Polk* and *Casselberry*, for appellants. The deed to Noel Chartrand was voidable only, not void. *Youse* v. *Norcum*, 12 Mo. Rep. 549. It remains good and valid until some act is done, or at least an intention expressed, to avoid it. The deed to Drake and Hempstead is not the expression of such an intention. It does not necessarily convey the same interest conveyed by the former deed. It might well have been intended to convey the interest she had acquired by inheritance since the former deed. 4 Harr. (Del.) Rep. 75. 8 Taunt. 35. 2 Kent's Comm. 195. 5 Yerg. 41. 6 Conn. 494. The second deed does not, by its terms, annul the former one, nor does it by necessary construction.

Leitensdorfer v. Hempstead.

*C. D. Drake*, for respondent. The point involved in this case is identical with that decided in *Youse* v. *Norcum*, 12 Mo. Rep. 549.

GAMBLE, Judge, delivered the opinion of the court.

Ursule Chartrand being entitled to an interest in the property described in the petition as an heir of her father, conveyed that interest in 1828 for a valuable consideration to her brother, Noel Chartrand, she then being a minor. Afterwards, by the death of a brother, she acquired another interest in the same property, as one of his heirs. In 1851, being then married, she and her husband conveyed "all their right, title, interest, estate, claim and demand in law or equity, in possession or expectancy, remainder or reversion in the premises," to Drake and Hempstead. No other act was ever done to avoid the deed which she had made during her minority than the making of this second conveyance. The question is presented, whether the second deed avoids the first.

1. There are different modes by which an adult may avoid a conveyance by bargain and sale made while he was a minor. It may be by entry, ejectment, or by any act unequivocally manifesting an intention to avoid it. A resale after he attains his majority, and a conveyance of the property, will operate the avoidance. But, in the language of Chancellor Walworth, in the *Eagle Fire Co.* v. *Lent*, 6 Paige's R. 638, "to render a subsequent conveyance an act of dissent to the prior conveyance of an infant, it must be inconsistent therewith, so that both cannot properly stand together." The doctrine is as well established as any in the law, that the deed of an infant passes the estate subject to be divested by avoiding the conveyance. Here the title was in Noel Chartrand, by the deed made by his sister for the interest inherited from her father, and when the deed was made to Drake and Hempstead, she had title to the interest inherited from her brother. The title to the portion descended from her father was not in her, but she had a right.

to resume that title, because she had conveyed it while a minor, and if she had distinctly conveyed it away by a second deed, the same act would have been a resumption of the title and the transmission of it to her grantee.  But her conveyance to Hempstead and Drake had a subject on which to operate, without being held to be an avoidance of her deed to her brother, and its terms do not require that she shall be understood to design avoiding her first deed.  The Circuit Court, then, erred in holding that the second deed avoided the first, and conveyed to Drake and Hempstead the interest which had descended from her father and which she had conveyed to her brother.

The judgment is, with the concurrence of the other judges, reversed, and the cause remanded.