THE COLUMBUS, PIQUA, AND INDIANA RAILROAD COMPANY *v.* MARTIN SIMPSON.

In an appropriation of a right of way by a railroad company, over the lands of an individual, under the act of February 11, 1848, and where the award by appraisers, acting under the 9th section of said act, found the aggregate amount of damages sustained by the owner of the lands, irrespective of benefits to him accruing from the road, and also the amount of such benefits in a separate item of their report, it is error to adjudge to the owner the aggregate sum, without deduction for benefits.

The 9th section of said act is not in contravention of the fourth section of the eighth article of the constitution of 1802.

The requisite data appearing on the face of the record, this court, acting as a court of error, will render the judgment which the court below ought to have rendered.

In Error. Reserved in Miami county.

The facts are stated in the opinion of the court.

*Johnston & Jones,* for plaintiff in error.

*H. G. Sellers, S. S. McKinney,* and *N. Fletcher,* for defendant in error.

BRINKERHOFF, J. This case was reserved from the district court of Miami county, and is a petition in error filed in that court to reverse an order and judgment of the court of common pleas of that county, on an award of damages by reason of an appropriation of a right of way by the plaintiff over the lands of the defendant. The proceedings were commenced while the constitution of 1802, and the act " regulating railroad companies," of February 11, 1848, were still in force, and, of course, are to be determined by reference to their provisions. Two appraisements of damages under the aforesaid statute were made, each of which was successively set aside by the court of common pleas, and re-appraisements ordered. By the third, last, and amended appraisement, the appraisers reported " the amount of actual damages sustained at the sum of $650; the amount of

ordinary benefits at $200 ; making in all the sum of $850." And thereupon the court gave judgment for the aggregate sum last named, and costs.

No bill of exception was taken, showing what proof, if any, was adduced before the court of common pleas on the hearing there ; and, consequently, several questions made by counsel in argument, having no basis of fact appearing in the record, will be passed without notice.

The only question presented on the face of the record is, whether, under the constitution of 1802, and the statute before referred to, on an appropriation of a right of way for a railroad, benefits resulting from the construction of the road to the owner of lands appropriated, could be lawfully set off against, or allowed in the estimate of, damages by reason of the appropriation. The court below seems to have decided this question in the negative ; and hence its judgment for the aggregate sum. The ninth section of said act explicitly provides that the appraisers " shall consider the benefit as well as injury which such owner shall sustain by reason of such railroad," in their award of damages ; and the court below, in order to arrive at the conclusion indicated by their judgment, must have regarded this provision as being in contravention of the fourth section of the eighth article of the constitution of 1802, which provides that " private property ought and shall ever be held inviolate, but always subservient to the public welfare, provided a compensation in money be made to the owner."

The uniform construction, both legislative and judicial, of this section, while the constitution of 1802 remained in force, has been different. From the first formation of our State government, until that constitution was superseded by the present one, the legislature has allowed benefits accruing, as well as damages resulting from the appropriation of private property for public uses, to be taken into consideration in the estimate of the proper amount of compensation to be awarded to the owner. Nearly all our common highways, turnpikes, canals, and a large part of our railroads, have been established on this construction. And it was judicially settled by our predecessors, the late Supreme Court in

Bank, in the cases of *Symonds* v. *The City of Cincinnati*, 14 Ohio Rep. 147, and *Brown* v. *The City of Cincinnati*, Idem 541.

The present constitution prescribes a different rule ; and in its construction and application we shall feel ourselves at liberty to follow the unobstructed leading of our own judgments on the subject. But nearly or quite all cases arising under the section under consideration of the constitution of 1802, are now disposed of ; and whatever, under other circumstances, we might be disposed to think of the correctness of the construction of it arrived at by our predecessors, we are not disposed at this time to review their conclusions in such a way as to unsettle the many and important interests derived under them.

The judgment of the court of common pleas is, therefore, reversed ; but, as all the requisite data appear on the face of the record, we will here render such judgment as the court below ought to have rendered, which is for the aggregate sum of $850, deducting $200 for the benefits accruing to the owner of the land by reason of the construction of the road.

*Judgment for defendant for $650 and costs.*

BARTLEY, J., dissented. The grounds of his dissent appear in his opinion, in *Kramer* v. *The C. & P. R. R. Co.*, ante 147.