Magee v. Welsh.

---

## MAGEE v. WELSH AND WIFE et al.

UNDER our statutes, the disability of infancy attaches as well to a *femme covert* under age as to a *femme sole*, subject only to the Act of 1858, 108, which makes married women under eighteen, and married with the consent of their parent or guardian, of full and lawful age.

A mortgage executed in 1856, by a *femme covert* under the age of eighteen, upon her separate estate, cannot be enforced against her plea of infancy.

The general rule that the deed of an infant is only voidable and will be held valid unless disaffirmed by the infant on arriving at legal age—even if conceded—does not apply to a married woman; nor does such rule apply to the case of a note and mortgage, because there no act of disaffirmance is necessary until demand of payment, or attempt to enforce the same.

Where real property, inherited by a married woman under the age of eighteen years, is incumbered at the time by a valid mortgage, and she then, in 1856,

Magee v. Welsh.

mortgages it to raise money to take up such prior incumbrance: *Held,* that this money so raised cannot be considered *necessaries* in law, even if it be conceded that the mortgage so executed by her for such a purpose would be protected as a debt incurred for *necessaries.*

APPEAL from the Seventh District.

Suit to foreclose a mortgage executed June 6th, 1856, by Henrique Welsh and Merced Martinez de Welsh, his wife, Angel Soto and Francisca Martinez de Soto, his wife, in favor of Miguel Vilar, on the undivided tenth of the " Moraga rancho," in Contra Costa county. The female defendants, Merced and Francisca, inherited this tenth interest on the first of January, 1856, from their mother, Guadalupe Moraga, to whom it came from their grandfather, Joaquin Moraga, who, in connection with Juan Bernal, was the grantee of the Mexican Government. At the time the interest in the ranch descended to Mercedes and Francisca, it was incumbered by a mortgage given by the grandfather, Joaquin, and others, to Hugh O'Donnell, on the twenty-fifth of May, 1855. The proportion of this incumbrance which would fall to Mercedes and Francisca was six hundred dollars, and they procured of Vilar an advance of this money, and to secure it, jointly with their husbands executed to him the mortgage upon which suit is brought—being at the time under eighteen years of age. There seems to have been no note given. Plaintiff is assignee of the mortgage.

On the twenty-second of May, 1856, Angel Soto and his wife, Francisca—she being under eighteen years—executed to one Ganido a mortgage upon an interest in said ranch, amounting to two hundred acres, to secure their note to him for two hundred dollars, with interest. May 6th, 1856, defendants Henrique Welsh and Mercedes, his wife, she being under eighteen years of age, executed and delivered to Brown and Hendricks their mortgage upon an undivided one hundred and fifty acres of said ranch. At the date of both these mortgages the land was the separate property of the wives; and one Reed, made defendant, is the holder thereof. The wives, when they became of age, disaffirmed and refused to be bound by the mortgages—at least, such is the language of the decree, though there is no other proof of the fact in the record. The answers set up the plea of infancy.

The Court below held that the wives were not bound by any of the notes or mortgages, and accordingly entered a decree giving personal judgment in favor of plaintiffs, and against defendants Henrique Welsh and Angel Soto, for six hundred dollars, with interest, as due on the first mortgage; also a personal judgment in favor of Reed, and against the same defendants, for the amounts respectively due on the other two notes and mortgages. The decree also released and discharged the wives from all of the notes and mortgages, and declared them void, and ordered plaintiff and Reed to deliver up their mortgages for cancellation. Plaintiff and defendant Reed appeal from so much of the decree as rejects the mortgages.

*E. A. Lawrence*, for Appellants.

I.   The deed of an infant is voidable, and not void. (*Zouch* v. *Parsons*, 3 Burr. 1794; S. C. 1 Wm. Blackstone, 575; 14 Mass. 462; 7 Cow. 180; 9 Id. 626; *Bool and Wife* v. *Mix*, 17 Wend. 120; 15 Mass. 220; 1 Greenl. 11; 2 Paige, 191; 1 N. H. 73; 7 Blackford, 442.) The mortgage purports, on its face, to be a benefit to the infants, viz: to secure money advanced to them to pay off their proportion of the O'Donnell mortgage, which was a lien on their estate when inherited. (*Tucker et als.* v. *Moreland*, 10 Peters, 71; 2 Kent, 31.)

II.   Defendants were guilty of fraud in concealing the fact of their infancy, and executing the mortgage. (*Covey* v. *Getchen*, 2 Mad. 40; Chitty on Cont. 153; *Kilgon* v. *Jordan*, 17 Texas, 341.)

III.   Having done no act to disaffirm the mortgage after obtaining majority, and having permitted the mortgage since such majority to pass into the hands of innocent third parties, they should now be estopped from denying its validity. (8 Taunt. 35, 508; 3 Kent, 295.)

IV.   The deed of an infant if voidable must be disaffirmed by an act of equal solemnity. (2 Kent's Com. 237; 10 Pet. 71, 73; 1 N. H. 73; 14 Johns. 174.)

V.   An infant cannot avoid his deed without restoring the consideration received. The money secured by the mortgage was to pay off the O'Donnell mortgage, which was a lien at the time the

defendants inherited the property. (*Stewart* v. *Baker*, 15 Mass. 359; 2 Paige, 191; 17 Texas, 417; 1 Edwards, 303; 7 Johns. 84, 87; *Roof* v. *Stafford*, 7 Cow. 182.)

VI.   The Vilar mortgage is a mortgage for necessaries furnished to defendants' wives, to wit: to pay off the O'Donnell mortgage, and thereby release their separate estates. It was not to secure the debt of their husbands. This debt is a charge upon their separate estates, by Spanish law. (*Portis* v. *Parker*, 22 Texas, 699; 1 Denio, 460; 7 N. H. 368; 2 Hill, 400.)

VII.   Marriage is a " civil contract," (Wood's Dig. art. 2595) a partnership in which the wife is a silent partner. Deed of husband and wife conveys wife's property in same manner as if she were unmarried. (Wood's Dig. 100, sec. 2.) The husband shall have the management and control of the separate property of the wife during the continuance of the marriage, (Wood's Dig. 488, sec. 2609) except that a sale of her separate property must be acknowledged by her separate and apart, and in form prescribed by statute. (Art. 2620, Wood's Dig.—a minor; *Ingoldsby* v. *Juan*, 12 Cal. 564.) Again: " The marriage of any person who is under guardianship as a minor shall terminate such guardianship." (Art. 2379, 431.) The guardian shall have the care of the estate of the minor until " such minor shall arrive at the age of twenty-one years, or marry." (Art. 2369, Wood's Dig. 428.) By the Mexican law, the disability of infancy was removed upon marriage; and the law of April 2d, 1858, (Wood's Dig. 1024, art. 253) is only declaratory of that law.

*M. S. Chase,* for Respondents.

Infancy, a good defense everywhere at common law, has always been recognized in this State. (*Burrell* v. *Bennett*, 2 Cal. 101; Act of May, 1854.)

The Act of April 2d, 1858, provides that married women, when under the age of eighteen years, and married with the consent of their parent or guardian, " shall be deemed of full and lawful age." This act is inapplicable (because not retroactive) to the case at bar, yet, like the Act of 1854, fixing legal age, it can only be regarded as recognizing these common law disabilities of infants,

and as defining by enactments when they shall cease. As to the statute of conveyances, (Wood's Dig. 100, sec. 2) which authorizes husband and wife, by their joint deed, to convey her real estate, it carries the proper restriction with it in the same section, and in these words, to wit: " In like manner as she might do if unmarried.

BALDWIN, J. delivered the opinion of the Court—COPE, J. concurring.

The main question in this case is, whether a mortgage executed in 1856, by a *femme covert* under the age of eighteen, can be enforced against her plea of infancy, the mortgage having been made upon the separate estate of the femme.

The Act of May 10th, 1854, (Wood's Dig. 541) fixes the legal age of males at twenty-one and of females at eighteen, and provides that at those periods respectively they shall be competent to contract and to convey real estate. The Act of April 2d, 1858, (statutes, 108) provides that married women, when under the age of eighteen years, and married with the consent of their parent or guardian, shall be deemed of full and lawful age. It is true, that the Statute of Conveyances (Wood's Dig. 100, sec. 2) empowers husband and wife, by their joint deed, to convey real estate of the wife; but the act continues, " in like manner as she might do if unmarried." Taking all these acts together, and it seems evident that the disability of infancy, as defined by the first act cited, attaches as well to *femmes covert* under age as to *femmes sole*, subject only to the Act of 1858, which has, however, no application to mortgages executed in 1856.

It is urged in avoidance of this plea that the deed of an infant is not void, but only voidable, and that it will be held valid unless disaffirmed on the infant's arrival at legal age. But if this doctrine be generally true, it would not apply to such a case as this—the case, namely, of a married woman, whose disability of coverture might prevent, if not the possibility, by her own volition, of an act of disaffirmance, yet its effectual exercise ; and the principle would not, moreover, apply to the case of a note and mortgage, in respect to which there would seem to be no act of disaffirmance necessary

until demand of payment were made or enforcement were sought. It seems that the refusal to acknowledge the asserted obligation was made as soon as payment was insisted upon.

Nor if warranted by the record, is the point better taken, that the mortgage and note are binding because given to raise money to lift another mortgage upon the same property. This money so raised can scarcely be considered necessaries in contemplation of law, even if a mortgage executed to raise money for such a purpose be protected as a debit incurred for such a purpose.

Some other points are made, but we do not think it necessary to notice them.

Judgment affirmed.