The Singer Manufacturing Company v. Lamb.

---

THE SINGER MANUFACTURING COMPANY v. LAMB, *Appellant.*

1. **Deed of Minor, Disaffirmance of.** The warranty deed of a minor will not have the effect of disaffirming his prior mortgage deed to the same property.

2. ———. The deed of a minor is not void, but only voidable after he reaches his majority. And the right to disaffirm may be exercised by his heirs and representatives within the time permitted to him to do the act.

3. ———. It requires no affirmative act to continue the validity of a minor's deed after he reaches his majority, but it remains valid in all respects like the deed of an adult, until expressly repudiated, or he does some act implying a repudiation of the voidable instrument. But the disaffirming act need take no particular form or expression; but if such act be consistent with the continued validity of the minor's deed, the latter will not thereby be disaffirmed.

4. ———. A quit-claim deed made after attaining majority, will not have the effect to disaffirm a mortgage made during minority, as the two instruments are consistent with each other, and can stand together, the quit-claim deed only purporting to convey the estate remaining in the grantor at the time of its execution.

5. ———. The right to disaffirm the mortgage of a minor is a personal privilege, and cannot, during the life of the grantor, and in the absence of express language to that effect, be considered as an inherent part of the title transferred by his subsequent quit-claim deed made after attaining his majority.

*Appeal from Barton Circuit Court.*—HON. C. G. BURTON, Judge.

AFFIRMED.

*Phelps & Brown* for appellant.

The rule is well settled that the deed of a minor passes the estate, subject, however, to be divested by avoiding the conveyance on the infant attaining his majority. *Baker v. Bennett,* 54 Mo. 82, and cases there cited. On the question of disaffirmance of the mortgage executed by an infant, the execution by the infant after attaining majority, of a deed of the same land, to a person other than the mortgagee, was held a sufficient disaffirmance. *Dixon v. Merritt,* 21 Minn. 196. A mortgage made during infancy may be affirmed by a conveyance after majority to a third person, subject to the mortgage. But such a deed which does not refer to the mortgage is a disaffirmance. *Allen v. Poole,* 54 Miss. 323. When a minor conveys certain land during his minority, and after attaining his majority conveys the same land to a third person, the second deed is a disaffirmance of the first. *Yonse v. Norcum,* 12 Mo. 550, (marg. p.); *Jackson v. Carpenter,* 11 Johns. (N. Y.) 539; *Jackson v. Burchin* 14 Johns. (N. Y.) 123. The mortgage in question not being absolutely void, but only voidable, required some act to be done by the infant, on attaining his majority, for the purpose of voiding the mortgage or render it inoperative. The act of voidance is only required to be made in as solemn and notorious a manner as the act sought to be disaffirmed was performed. Chenault's deed to the defendant Lamb was equally as solemn and notorious as plaintiff's mortgage, and to all intents and purposes sufficient to disaffirm the latter.

*Robinson, Harkless & Bennett* for respondent.

1.  A mortgage deed, executed while he is a minor, is

not disaffirmed or avoided by his subsequently executing a quit-claim deed after he arrives of age.    *Leitendorfer v. Hempstead*, 18 Mo. 269.    2. The quit-claim deed has the effect to convey such title as the minor had, to-wit:    An equity of redemption.    *Mann v. Best*, 62 Mo. 496.    3. To render a subsequent deed an act of dissent to the prior conveyance of an infant, it must be inconsistent therewith, so that both cannot properly stand together.    *Leitendorfer v. Hempstead*, 18 Mo. 269; *Illinois Land Co. v. Beem*, 2 Ill. App. 390; *Eagle Fire Co. v. Lent*, 6 Paige 638.    4. But however this may be, the evidence shows that the minor, on April 2nd, 1880, after he arrived of age, and after he had executed his quit-claim deed to defendant, executed a deed of affirmance to plaintiff.    Hence it clearly appears that he never intended to disaffirm the mortgage, and the act of the infant being voidable and not void, it is at his election to affirm or disaffirm after arriving at age.    *Baker v. Kennett*, 54 Mo. 82.    5. The warranty deed made by Chenault, the infant, to Leroy Moore, under whom defendant claims, was made while he was still a minor, and hence had no effect; the matter was open for his affirmance after arriving of age, and he has affirmed the mortgage.    *Baker v. Kennett*, 54 Mo. 82.    6. It is conceded, and if not the evidence shows, that the debt for which Chenault, the minor, made the mortgage to plaintiff to secure, was justly due, and that the mortgage was for valuable consideration.    How can the minor, or any one claiming under him, recover the land without returning the fruits of the contract?    This would defeat defendant, even if the minor had disaffirmed the contract.    *Maupin v. Grady*, 71 Mo. 278; *Baker v. Kennett*, 54 Mo. 82; *Betts v. Carroll*, 6 Mo. App. 518; *Kerr v. Bell*, 44 Mo. 120.    7. Authorities are cited by appellant to maintain the proposition that a second conveyance by an infant, after he arrives of age, is sufficient of itself to disaffirm his deed made while an infant; but even if such was the law, it is not the question presented.    All decisions which so hold, do so upon the principle that the two are

inconsistent. But where there is an interest upon which the second conveyance can operate, as in this case, there is no such rule, and should not be.

MARTIN, C.—This was a suit to foreclose a mortgage conveying 640 acres of land, and was instituted against the mortgageor and all other persons interested in the land by conveyance under him. The controversy which comes before us, relates to only eighty acres of the mortgaged land, claimed by Isaac N. Lamb, who is the appellant from the decree of foreclosure as to this parcel. The pleadings were sufficient to embrace the issues contained in the evidence, and need not be recited.

On the 14th day of February, 1876, W. W. Chenault executed and delivered to the plaintiff a mortgage on the whole 640 acres. At this time he was a minor, under the age of twenty-one years. On the 26th day of July, 1876, while he was still a minor, he executed and delivered to one Leroy Moore, a warranty deed to eighty acres of the mortgaged tract for a consideration of $350. On the 17th day of November, 1876, said Moore, by warranty deed, conveyed the same parcel of eighty acres to Isaac N. Lamb, defendant, for a consideration of $400. On the 25th day March, 1879, and after the mortgageor had attained his majority, he executed and delivered to the defendant, Lamb, a quit-claim deed for the same parcel of eighty acres. On the 2nd day of April, 1880, the mortgageor executed and delivered to plaintiff a deed affirming the mortgage deed as to all the land conveyed by it.

The deed made by the mortgageor to Leroy Moore, while he was still a minor, could not constitute a disaffirmance of the mortgage deed previously made during his minority. If his quit-claim deed to the defendant, Lamb, after he had reached his majority, was effective in disaffirming the mortgage deed, as to the land in controversy, then the subsequent deed of affirmance of the mortgage deed, as to the same land, could have no effect in giving it to the

plaintiff or preserving it in its security. Thus the sole question necessary for us to consider is, whether the quit-claim deed operated as a disaffirmance of the mortgage deed as to this parcel of land. This is the only point presented by counsel on both sides.

The deed of a minor is not void, but only voidable, after he reaches his majority. *Peterson v. Laik*, 24 Mo. 541; *Huth v. Corondelet, etc., Co.*, 56 Mo. 202. The right to disaffirm may be exercised by his heirs and representatives within the time permitted to him for doing the act. *Ill., etc., Co. v. Bonner*, 75 Ill. 315. It requires no affirmative act to continue its validity, but only an absence of any disaffirming acts. It remains valid in all respects, like the deed of an adult, until it has been disaffirmed by the maker, after reaching his majority. The ancient doctrine which required the disaffirming act to be of as high and solemn a character as the act disaffirmed has no place in modern law. The disaffirming act need take no particular form or expression. *Allen v. Poole*, 54 Miss. 323; *White v. Flora*, 2 Overton (Tenn.) 426; *Phillips v. Green*, 5 T. B. Monroe 344. The deed of a minor may be avoided by acts and declarations disclosing an unequivocable intent to repudiate the binding force and effect of it as a valid instrument. If the minor after reaching his majority, has expressly repudiated his deed, there remains nothing for construction. But when the disaffirmance proceeds from the acts of the minor, after reaching majority, they must, in their nature, imply a repudiation of the voidable instrument. If they are consistent with the continued existence of such instrument, there is no disaffirmance, and the deed remains unaffected, *Leitensdorfer v. Hempstead*, 18 Mo. 269; *Ill, Land Co. v. Beem*, 2 Ill. App. 390; *Eagle Fire Co. v. Lent*, 6 Paige 635; *McGan v. Marshall*, 7 Humph. 121.

In applying this controlling principle, it has been held, that an absolute conveyance by a minor is necessarily avoided by a subsequent absolute conveyance of the same land, after majority, to a third person. *Youse v. Norcoms*,

12 Mo. 550; *Norcum v. Sheahan*, 21 Mo. 25; *Jackson v. Carpenter*, 11 John. 539; *Jackson v. Burchin*, 14 John. 123. The effect of the disaffirming act must depend greatly upon the nature and effect of the act claimed to have been disaffirmed. It has been held that a subsequent mortgage, after majority, does not necessarily avoid a prior one made during minority. *McGan v. Marshall*, 7 Humph, 121. Two deeds to different persons, purporting to convey the absolute title to a parcel of land, cannot stand together any more than two bodies can occupy the same space. They are necessarily inconsistent. But this is not necessarily the case with two mortgages. The second one takes effect on the equity of redemption, and there may be value enough in the real estate to satisfy both. And upon the same reasoning it has been held, that a subsequent deed purporting simply to convey "all the undivided moiety of all those certain lots," would not operate as a disaffirmance of a prior mortgage on the same property made by the grantor during minority. It was held that the obvious intent of such a conveyance, in the absence of any expression to the contrary, was to vest the title in the grantor, subject to the prior mortgage. *Palmer v. Miller*, 25 Barb. 399. It has been held, that a subsequent conveyance, with covenants of warranty, would be inconsistent with a prior mortgage, and would operate as a disaffirmance of it. *Dixon v. Merritt*, 21 Minn. 196. But, however the law may be in these cases, noticed by me for illustration, I am convinced that a subsequent quit-claim deed cannot, either on principle or authority, be accepted as a disaffirmance of a prior mortgage. The two instruments are consistent with each other, and can stand together. The quit-claim purports to convey only the estate remaining in the grantor at the time of its execution. In operating on this estate as it existed, it carried it to the grantee subject to the mortgage. The right to disaffirm the mortgage was a personal privilege of the grantor, and could not be considered as an inherent part of the title transferred. *Hoyle v. Stowe*, 2 Dev. & Bat. (Law)

320. It could not be regarded as passing to an assignee, in the absence of express language to that effect, so long as the grantor remained in being to exercise it himself. Neither do I perceive how a deed which is entirely consistent with the mortgage, and does not in its nature or language purport to disaffirm it, can be construed as sufficient to carry to the grantee, the personal privilege of the grantor to disaffirm it, in the absence of apt words indicating an intention to convey or surrender the privilege. The fact that the grantee in the quit-claim had actual, as well as constructive knowledge of the existence of the mortgage, and paid no valuable consideration for the quit-claim, could add nothing to the strength of his position; and for that reason need not be considered. Our opinion is that the decree was without error and should be affirmed. It is so ordered. All concur, except Norton and Sherwood, JJ., absent.