SHIPLEY, *by Next Friend, Appellant,* v. BUNN.

### Division Two, December 18, 1894.

1. **Minor**: DEED. The deed of a minor is not void merely because of his minority, but passes his estate in the land conveyed, subject only to be defeated by a disaffirmance by him.

2. ———: DEED, DISAFFIRMANCE OF. An infant can not, during his minority, disaffirm his deed merely because of his infancy, nor can he enter upon the land and enjoy its profits.

3. **Appellate Practice**: DEED, DELIVERY OF. The objection that there was no manual delivery of a deed, when not made in the trial court, can not be made in the appellate court.

*Appeal from Putnam Circuit Court.*—HON. ANDREW ELLISON, Judge.

AFFIRMED.

*Edward Higbee* and *C. C. Fogle* for appellant.

The court erred in refusing the declarations prayed by appellant. Plaintiff, though an infant, had a right to enter and hold and take the profits during his minority. This would be true, even if he had conveyed the fee, but he could not in that case conclusively avoid the conveyance till he is of age. Lawson on Contracts, sec. 147, p. 161; 10 Am. and Eng. Encyclopedia of Law, 643 and note 1; 1 Parsons on Contracts [5 Ed.], 322; 1 Am. Lead. Cases [5 Ed., Hare & Wallace], 317, (257); *Stafford v. Roof,* 9 Cowen, 626; *Bool v. Mix,* 17 Wendell, 120; *Mathewson v. Johnson,* 1 Hoffman's Chan., 560; 1 Wash. R. P. [3 Ed.], (306) top p. 402; *Zouch v. Parsons,* 2 Burr. 1794; s. c., Ewell's Lead. Cases, Infancy, 3; *Baker v. Kennett,* 54 Mo. 88; *Chandler v. Simmons,* 97 Mass. 508; *Harrod v. Myers,* 76 Am. Dec.

(Ark.) 409, top p. 411. (2) The court erred in giving defendant's declarations. Same authorities. (3) Manual delivery of the deed was not shown; this is essential. The fact of possession by the vendee would be evidence of delivery in the case of an adult, but in the case of an infant there should be strict proof of a personal delivery. The mother could not deliver it for her infant son. He could not make her his attorney; the appointment would be void, and, there being no proof of personal delivery by plaintiff, the deed is void. *Stafford v. Roof*, 9 Cowen, 626. (4) The case at bar differs from a conveyance of the fee. Plaintiff's interest ceases at his majority. Unless he can avoid the conveyance, or at least enter and enjoy the possession during minority, irreparable injury will ensue. This distinction is for the infant's benefit to enable him to avoid immediate consequences of his contracts, while land when the fee has been conveyed may be recovered at any time. 10 Am. and Eng. Encyclopedia of Law, 643, *c*; 1 Am. Lead. Cases [5 Ed.], (258) top p. 318; 1 Wash. Real. Prop. [3 Ed.], (306) top p. 402. (5) The distinction stated in the last point applies to a mortgage of real estate executed by a minor. He may plead infancy in avoidance of the deed, in a suit to foreclose. *Schneider v. Staihr*, 20 Mo. 269. (6) It is not necessary to specially allege a disaffirmance. The action of ejectment is sufficient. *Craig v. VanBebber*, 100 Mo. 584.

*A. W. Mullins* for respondents.

GANTT, P. J.—This is an action of ejectment in statutory form for the possession of certain lands in Putnam county, Missouri. Ouster was laid as of January 1, 1887. Defendant Bunn answered he was in possession by his codefendant, and tenant, Pherigo, and

asserted title in himself.   Pherigo justified as tenant of Bunn, and Burnham filed a general denial.   The facts are few and simple.

George W. Shipley owned the land in question, and occupied it as his homestead at the time of his death in the year 1885.   He left surviving him his widow, Mrs. Eliza Shipley, and one minor child, Charles T. Shipley, the plaintiff.   The land does not exceed $1,500 in value, and by a proceeding in the probate court was duly set off and assigned to the said widow and minor child.

On the nineteenth of February, 1890, Mrs. Eliza Shipley and the plaintiff sold, and, by warranty deed, conveyed the said homestead to defendant, Thomas J. Bunn, for the consideration of $55.   Peter Greggers was duly appointed and qualified as the next friend of plaintiff, who is still a minor, under fifteen years of age. On December 23, 1890, plaintiff, by his next friend, began this action.   In the circuit court judgment was awarded for defendants; plaintiff appeals.

On the trial, plaintiff asked, and the court refused, the following instructions:

"1.   If the court finds from the evidence that the lands in controversy was the homestead of George W. Shipley, deceased; that at his death said G. W. Shipley resided thereon under a recorded deed, and was the head of a family; that said Shipley died on or about the——day of——, 1885, and left surviving him plaintiff, his minor son, and his widow, Eliza Shipley; that, under proceedings in the probate court of Putnam county, Missouri, said real estate was set off by commissioners to said widow, Eliza Shipley, during her lifetime, and to said Charles T. Shipley, during his minority, as their homestead; that said Charles T. Shipley is still under the age of twenty-one years, and said real estate of less value than $1,500, and that

defendants were in possession of said lands as charged in the petition, and so continued to be, then the finding should be for plaintiff for the possession of said lands and the reasonable value of the rents and profits from the time this action was brought.

"2. Notwithstanding the deed read in evidence, executed by Charles T. Shipley and his mother to defendant Bunn, plaintiff is entitled during his minority to enter said premises and enjoy the rents and profits thereof during his minority, and may recover possession thereof for that purpose by an action of ejectment.

"3. On the evidence the finding should be for the plaintiff." And plaintiff duly excepted.

For defendants the court declared the law to be as follows:

"1. Although the court sitting as a jury may believe from the evidence that the premises in question constituted the homestead of George W. Shipley, now deceased, and that the plaintiff is his minor son and heir at law, and that said premises were set off to Eliza Shipley, widow of said George W. Shipley, deceased, and his said minor son, the plaintiff; if the court further believes and finds that the plaintiff and his mother, said Eliza Shipley, executed the deed in evidence, dated February 19, 1890, to the defendant, Thomas J. Bunn, the finding and judgment should be for the defendants.

"2. If the court finds from the evidence that the plaintiff is a minor, under the age of twenty-one years, then he was and still is able to disaffirm and avoid the deed in evidence to the defendant, Thomas J. Bunn, purporting to have been executed by the plaintiff and his mother." To which instructions plaintiff also excepted.

Plaintiff also makes the point that there was no

proof of manual delivery of deed. Defendant Bunn was in possession of the deed at the trial and when he offered it in evidence, plaintiff objected to its introduction "for the reason that said conveyance constitutes no defense to this action and is no bar to this action by the plaintiff, Charles T. Shipley, which objection was overruled.

Plaintiff Charles T. Shipley, in rebuttal, being duly sworn, testified that when he executed said deed he was under fourteen years of age and that he received no part of the consideration; that the $55 was wholly paid to his mother, and that he signed the deed by her direction. This was all the evidence.

Two questions only are presented for decision: *First*, was the deed of the plaintiff to defendant Bunn void as to plaintiff? *Second*, if the deed was not void, but voidable only, could the plaintiff, during his minority, avoid the conveyance by an action of ejectment?

I. The deed of plaintiff was not void merely because he was a minor when he executed it. It passed his estate in the land subject only to be defeated by a disaffirmance by him. Tiedeman on Real Property, sec. 792; *Peterson v. Laik*, 24 Mo. 541; *Huth v. Carondelet, etc., Co.*, 56 Mo. 202; *Singer Mfg. Co. v. Lamb*, 81 Mo. 221; *Harris v. Ross*, 86 Mo. 89; *Craig v. Van Bebber*, 100 Mo. 584.

II. These cases also answer the second question. An infant can not, *during his minority, disaffirm his deed* merely because of his infancy.

Whatever may be the rule in other jurisdictions, the law is settled on both propositions in this state against the plaintiff. The distinction, that, although he can not avoid his conveyance during his minority, he can yet enter upon the land and enjoy the profits, does not obtain in this state. The case of *Singer Mfg. Co. v. Lamb*, 81 Mo. 221, is not an authority for such a

distinction, although cited in support of it by Lawson on Contracts, sec. 147, note 7.

III.   The point that there was no manual delivery of the deed was not made in the circuit court, and will not be reviewed here.   This is evidently an afterthought.   The judgment is affirmed.   All of this division concur.