KANAGA v. THE ST. LOUIS, LAWRENCE & WESTERN RAILROAD COMPANY, *et al., Appellants.*

1. **Railroads**: ACQUIESCENCE OF LAND-OWNER IN OCCUPATION OF HIS LAND. It is well settled law in this State that if the owner of land encourages or permits a railroad company to enter and construct its road upon his land, he cannot afterward maintain ejectment for the part so taken for a road-bed, either against the company or against a purchaser from the company. *Provolt v. R. R. Co.*, 57 Mo. 265, and other cases.

2. **Husband and Wife**: PROPER PARTY TO SUIT FOR WIFE'S LAND.

During marriage the husband has the exclusive right to his wife's real estate not held to her sole and separate use, and is the only proper party plaintiff in a suit to recover possession thereof; and if he has acted in respect to such real estate in such a manner as to estop him from asserting his right to the possession, neither he nor she can recover, whatever right she or her heirs may have after the dissolution of the marriage by the death of one of the parties or otherwise.

*Appeal from Jackson Circuit Court.*—Hon. S. H. Woodson, Judge.

Reversed.

*Lathrop & Smith* for appellants.

The plaintiff husband, being thus entitled to the possession, (*Bryan v. Wear*, 4 Mo. 112,) was the only proper party to bring ejectment. *Beal v. Harmon*, 38 Mo. 438; *Allen v. Ranson*, 44 Mo. 263; Tyler on Ejectment, 168; *Jackson v. McConnell*, 9 Wend. 175; *Jackson v. Leek*, 19 Wend. 339; *Chambers v. Handley*, 3 J. J. Marsh. 98; *Bledsoe v. Simms*, 53 Mo. 305, 308; *Wilson v. Garaghty*, 70 Mo. 517. As he was the only proper party plaintiff, if he lay by and encouraged or permitted the company to enter upon and construct its railroad over the land in controversy, he is estopped. *Provolt v. R. R. Co.*, 57 Mo. 256; *Baker v. R. R. Co.*, 57 Mo. 265; *Hubbard v. R. R. Co.*, 63 Mo. 68. The company having entered and constructed its road over the land by the license and acquiescence of plaintiffs, Morrison is entitled to all the rights of said company by reason of his purchase. The license having been acted upon by the company, and money expended and improvements made on the faith thereof, became coupled with an interest and irrevocable, and is assignable by act of the parties, and undoubtedly, as in this case, by operation of law. *Pierson v. Canal Co.*, 2 Disney 100; *Cook v. Pridgen*, 45 Ga. 331; *Russell v. Hubbard*, 59 Ill. 335; *Hodgson v. Jeffries*, 52 Ind. 334; *Thompson v. McElarney*, 82 Pa. St. 174; 2 Am. Leading

Cases, (5 Ed.) 568; 2 Smith Leading Cases, (6 Am. Ed.) 761; *Baker v. R. R. Co.*, 57 Mo. 273; *Jackson v. Corliss*, 7 John. 531; *Jackson v. Kip*, 3 Wend. 230.

*Boggess, Cravens & Moore* for respondents.

A right of way is an easement, and an easement being a liberty, privilege or advantage in land, a claim for it must be founded upon a deed or writing, or upon presumption which supposes one. Angel on Watercourses, § 285; Sugden on Vend. and Purch., (8 Am. Ed.) 177, note 1. A parol license is insufficient. Washburn on Easements, ch. 1, § 2. A deed is necessary. *Fuhr v. Dean*, 26 Mo. 120; *Desloge v. Pearce*, 38 Mo. 588. A license is founded in personal confidence and is not assignable. Angel on Watercourses, § 285; 3 Kent Com., *452 and note 2. There is an important distinction to be observed between an easement and a license. An easement always implies an interest in the land in or over which it is enjoyed. A license carries no such interest. The interest of an easement may be a freehold or a chattel one, according to its duration, whereas, whatever right one has in another's land by license, may, as a general proposition, be said to be revocable at will by the owner of the land in which it is enjoyed. Washburn on Easm., ch 1, § 1. All unexecuted licenses are revocable at the will of the licensor. *Wiggins Ferry Co. v. Nat. Stock Yards*, 102 Ill. 514; *s. c.*, 13 C. L. N. 378. All licenses to do any act on the lands of the licensee, though detrimental to the licensor, are when executed irrevocable. But this is not the case now presented for consideration. All licenses to do any act on the lands of the licensor, though executed, and money has been expended upon the faith of the license, are revocable at the will of the licensor. 3 Kent's Com., 452, note 2; Sugden on Vend. and Purch., (8 Am. Ed.) 198, note 1; Angel on Waterc., §§ 293, 294, and notes; Washburn on Easm., p. 24; 26 Mo. 116; 38 Mo. 588; 1 Redfield on Railways, 284.

*Provolt v. R. R. Co.*, 57 Mo. 256, when construed in the
light of the statute concerning condemnations of right of
way, is wholly divested of the character of a case resting
upon license.   Before entering on the plaintiff's lot, the
company proceeded under the statute to condemn the right
of way, the commissioners had reported, and the company
had deposited the amount with the clerk.   The plaintiff
excepted, but the company went on, took possession and
constructed the road.   Sections 1, 3 and 4, Wagner's Stat-
utes, page 327, regulate these proceedings, and provide
that upon payment of the amount assessed by the commis-
sioners to the clerk, the company may proceed to take pos-
session and construct its road notwithstanding the owner
may except, " and any subsequent proceedings shall only
affect the amount of compensation." In *Baker v. R. R.
Co.*, 57 Mo. 265, the entry by the company was made under
a grant, and the decision was based upon the grant, and
not upon license.   p. 273.   Mrs. Kanaga being a married
woman could not impose a servitude on the land.   Wash-
burn on Easm., p. 39 ; *Wannell v. Kem*, 57 Mo. 478 ; *Shroyer
v. Nickell*, 55 Mo. 264.   Her husband could not bind the
land except by deed in which she joined.   *Wannell v. Kem*,
51 Mo. 150 ; *s. c.*, 57 Mo. 478 ; *Clark v. Rynex*, 53 Mo. 380,
382 ; *Bartlett v. O'Donoghue*, 72 Mo. 563 ; *Eystra v. Capelle*,
61 Mo. 578 ; *Silvey v. Summer*, 61 Mo. 255 ; *McBeth v. Tra-
bue*, 69 Mo. 642.

HENRY, J.—This is an action of ejectment instituted
in the circuit court of Cass county by plaintiffs, who are
husband and wife, to recover a strip of land in said county,
taken and held by the defendant Morrison as a right of
way for the road of said company, he being the owner, by
purchase, of said road.·

The petition is in the usual form, and the amended
answer of Morrison, upon which the cause was tried, alleged
that the company located and constructed its road from the
city of Pleasant Hill, Cass county, Missouri, to the city of

Lawrence, in the state of Kansas, and ran over the land in controversy; that the right of way for said road was expressly given by said plaintiffs, and each of them, as a partial inducement to secure the location of the road along the route upon which it now runs, and for other valuable considerations moving to said plaintiffs, including the location of a depot where the railroad station of Raymore was located and now stands; that the company entered upon the land under said gift, and upon the express invitation and with the knowledge and consent of each of said plaintiffs, and thereupon proceeded to grade said right of way and construct said road thereupon at great expense; that the railroad company entered upon the land in 1871, and from the time of its completion said road has been continuously operated by said company while it remained the owner, and by said Morrison since his purchase; that from the time of the first entry upon said land to the date of the institution of this suit, in February, 1876, plaintiffs, and each of them, permitted the construction of said road upon said land without objection, but encouraging and consenting thereto. The reply was a general denial. The cause was tried by the court without the aid of a jury. Plaintiffs obtained a judgment, from which defendants have appealed.

It was admitted that the title to the real estate, when taken by the railroad company, was in the plaintiff's wife, and was her general property. She testified that she did not consent to the original occupancy of the land by the railroad company, but that after the company entered she acquiesced and encouraged the completion of the road, and had taken no legal steps against the company until the institution of this suit. The defendant Morrison introduced evidence to establish the special facts alleged in his answer.

The court gave the following declarations of law for plaintiffs:

1. Although the court may believe from the evidence

that said St. Louis, Lawrence & Western Railroad Company did, as alleged in the answer of the defendant Morrison, enter and construct and put in operation the railroad upon the land in the petition described, by the leave, license, acquiescence and encouragement of either one or both of said plaintiffs, and that said Morrison afterward, about the year 1877, under and by virtue of a foreclosure of a mortgage thereon and sale of said railroad, acquired and became, and is now the owner of the franchises, railroad and all property rights of said railroad company, including the alleged right of way over said land, yet if the court shall also further believe from the evidence that said plaintiff, Mrs. A. L. Kanaga, did on the 9th day of December, 1870, acquire title to, and ever since has been the owner in fee of the land aforesaid, and was during all said time a married woman, the wife of her co-plaintiff, F. C. Kanaga, then the court ought to find for said plaintiffs.

2. The said plaintiff, Mrs. A. L. Kanaga, being a married woman, and owning said land as her general legal property by patent dated in the year 1870, could not by any act or declaration of hers, other than a deed executed by herself and her husband, by her duly acknowledged and delivered, confer upon said railroad company any right to enter upon her land or any interest therein, or estop herself from maintaining an action for the recovery of the possession of said land.

3. The said plaintiff, F. C. Kanaga, could not, as the husband of his wife and co-plaintiff, Mrs. A. L. Kanaga, she being the owner of said land by patent dated in the year 1870, as her general property, by an act, declaration or deed of his own, not signed, sealed, acknowledged and delivered by his wife, confer upon said railroad company any right to enter upon said land, or any interest therein, or estop himself and wife, or either of them, from maintaining an action for the recovery of the possession of said land.

The following asked by defendants were refused :

1. The court declares the law to be that if it appear from the evidence that plaintiffs are husband and wife, and that the real estate described in the petition is the general property of the wife, and that plaintiffs have living issue of said marriage, then the plaintiff husband is entitled to the possession of said real estate during his lifetime, and if the St. Louis, Lawrence & Denver Railroad Company, under which defendant Morrison claims, entered upon the land described in the petition with the knowledge and consent of plaintiff husband, or remained thereon after such entry with his acquiesecnce, for the purposes of a right of way for its said railroad, and constructed its track thereover, and that said land has been used for such purposes and none others, by said company and its successors, including defendant Morrison, and is now so used, the finding will be for defendants.

2. If the court finds that plaintiffs acquiesced in the occupation of the land in controversy for the construction of the St. Louis, Lawrence & Denver Railroad, without pre-payment of land damages, upon an understanding or contract that no depot should be located nearer to Raymore than Rankin, and that the road is completed and in operation, the finding must be for defendants, even though a depot was located nearer than Rankin in violation of said understanding or contract.

3. If the court finds that plaintiffs consented to the occupation of the land in controversy for the construction of said railroad, upon condition that the railroad company would not locate a depot nearer to Raymore than Rankin, and that said railroad was constructed and is now in operation, the finding must be for defendants, even though a depot was located at Belton in violation of said condition.

It is well settled law, in this State, that if the owner of land encourages or permits a railroad company to enter and construct its road upon his land, he cannot afterward maintain his action of ejectment to recover possession of the part so

1. RAILROADS: acquiescence of land owner in occupation of his land.

taken for a road-bed. *Provolt v. C., R. I. & Pac. R. R. Co.*, 57 Mo. 256; *Baker v. C., R. I. & Pac. R. R. Co.*, 57 Mo. 265; *Hubbard v. K. C., St. Jo. & C. B. R. R. Co.*, 63 Mo. 68. It is equally indisputable that by a purchase of the road, the purchaser acquires all the right the company had to the road-bed.

The only difference between the case at bar and those above cited is, that here the title to the land was vested in the wife, whereas, in the above cases, the sole plaintiffs were the owners in fee.

Whether the wife would be estopped by her conduct from claiming the land against the company, if her husband were dead, we are not called upon to determine, because the husband, during the marriage, has an exclusive right to the possession of her real estate, not held to her sole and separate use, and is the only proper party plaintiff in a suit to recover possession thereof; and it is sufficient to say that, if he acted in a manner to estop him from asserting his right to the possession, he nor she can recover, whatever right his wife or her heirs may have after the dissolution of the marriage by the death of one of the parties, or otherwise. In *Bledsoe v. Simms*, 53 Mo. 308, this court held, Adams, J., delivering its opinion, that: "An action of ejectment can only be brought against a person in possession of the land. The possession of a husband is the possession of a wife when she holds the title. Under our statute concerning married women, (Wag. Stat., 938, § 14,) the rents, issues and products of the real estate of a married woman, and the interest of her husband in her right in any real estate which belonged to her before marriage, are during coverture exempt from attachment or execution * * and no conveyance during coverture can be made by the husband, without joining his wife in the deed, etc. The statute is intended to protect the wife's land for her benefit, during coverture, but does not alter the common law relations of husband and wife. He is still her protector and representative, and is entitled as such to the

possession of her fee simple lands, and he is the proper and only party to be made a defendant in a suit for lands claimed to belong to her." If the only party to be sued, he is, for the same reason, the only party to sue for such possession. He has a marital right to the possession, and this right is exclusive. To the same effect are *Wilson v. Garaghty*, 70 Mo. 518, and *Hunt v. Thompson*, 61 Mo. 153. For the foregoing reasons we hold that the court erred in giving the declarations of law, Nos. one, two and three, asked by plaintiffs, and in refusing No. one, asked by defendant.

With regard to Nos. two and three, asked by defendants, no declarations on the same subject were asked by plaintiffs, or given by the court, and, from the agreed abstract, it does not appear that any evidence was adduced on those issues.

All concurring, except SHERWOOD, C. J., who dissents, the judgment is reversed and the cause remanded.