John B. Dyer et al., Plaintiffs in Error, *v.* Henry Wittler et al., Defendants in Error.

**May 15, 1883.**

1. Husband and Wife — Tenant by Curtesy. — During coverture, where issue is born alive of the marriage, the husband is not a tenant by the curtesy of his wife's lands, but is seised only by right of his wife.

2. —— Seisin — Actions. — Their seisin is joint, and if they are disseised they must jointly sue to recover possession.

3. —— The children in such a case, have no right of entry or of action upon the death of the wife, the husband surviving.

4. —— Limitations. — Upon the death of the husband after the wife in such case, the children, though infants, must sue within such time as, rejecting the period during which the life estate of the father barred their right of entry, would be within twenty-four years from the beginning of the adverse possession of the defendant.

Error to the St. Louis Circuit Court, Thayer, J. *Affirmed.*

THOMAS A. RUSSELL and E. P. JOHNSON, for the plaintiffs in error.

THOMPSON, J., delivered the opinion of the court.

This is an action of ejectment. The defence is the statute of limitations of twenty-four years. Rev. Stats., sect. 3222. The reply is, that in the year 1838, the mother of the plaintiffs was the owner of the land in fee simple, having inherited it from her father; that she was, at the time, the wife of Abner W. Dyer, their father; that there was issue born alive of the marriage in 1837; that their marital relation continued until 1869, when it was dissolved by the death of the mother; that the father died a year later; that the plaintiffs are the only surviving issue of the marriage, and claim the premises as heirs of their said mother.

At the trial, evidence was given tending to support this reply.

The court, under appropriate evidence, offered by the defendants, gave the following declaration of law, which drove the plaintiffs to a non-suit: —

"The court, of its own motion, declares the law to be, that if defendants, or those under whom they claim, entered upon a tract of land, embracing the premises described in the petition herein, in the year 1846, claiming to own said tract under and by virtue of a deed purporting to convey the same to them in fee, and in that year enclosed said tract with a fence, and improved, occupied and cultivated said tract (or the portion thereof described in the petition), so enclosed and improved, continuously from that time, under such claim of title, up to the time of the death of Abner W. Dyer, on or about the 25th of June, 1870, and for three years next after his death, and before the original petition in this case was filed, the plaintiffs are not entitled to recover."

We see no error in this ruling. In our opinion, the case is governed by *Valle* v. *Obenhouse* (62 Mo. 81). It is there said by the court, speaking through Napton, J. :     *     *     *   " All of our statutes, from 1825 down to the present time, clearly imply that a right of action may exist in a married woman. The husband is understood to be jointly seised of his wife's estate ; and during the existence of the coverture he is not tenant by the curtesy, but only seised by right of his wife ; and if there be a disseisin, it is of the joint estate, and they must jointly bring an action to recover the possession. Under this view of the title of husband and wife in lands of the wife, the statute of limitations will begin to run from the date of the disseisin against both." The statute of twenty-four years, then began to run with the commencement of the defendant's adverse possession under color of title in 1846. Before the bar had attached, namely, in 1869, the wife of Abner W. Dyer and the mother of these plaintiffs, died. During the year which followed, until the death of Abner W. Dyer, in 1870, he was tenant by curtesy consummate of the lands ; his intervening life estate prevented these plaintiffs from having a right of entry, and consequently a right of action. When he died, in 1870, their right of action accrued ; and, although they were then under the disability of infancy, they were bound to bring their action within such time as, rejecting the time during which their father's life estate had barred their right of entry, would have been less than twenty-four years from the commencement of the adverse possession of the defendants. At least, having reference to the provisions of section 3224, of the Revised Statutes, they were bound to commence their action within three years after the death of their father, as we understand the Supreme Court to hold in *Dyer* v. *Brannock* (66 Mo. 391, 422), adjudicating upon this very title.

This they did not do. They did not commence this action until 1878. At this time, excluding the year in

which their father held the life estate, thirty-one years had run, during which the defendants had had continuous adverse possession under color of title. If this did not perfect their title, the statute, instead of being " a statute of absolute repose," as it was called by this court in *Barrett* v. *Alleghany Nat. Bank* (6 Mo. App. 319), would be, according to the expressive suggestion of Napton, J., in *Valle* v. *Obenhouse* (62 Mo. 85), " a mere *brutum fulmen.*"

The judgment of the circuit court is affirmed. All the judges concur.