JOHNS *et al.*, *Appellants*, v. FENTON.

1. **Dower**: STATUTE OF LIMITATIONS. The statute of limitations does not commence to run against a widow's dower until it has been assigned.

2. ———: STALENESS OF DEMAND. 'Nor is staleness of demand any defence to an action for admeasurement of dower.

3. **Dower, Parol, Assignment of.** Dower may be assigned by parol.

*Appeal from Lawrence Circuit Court.*—HON. M. G. McGREGOR, Judge.

REVERSED.

*N. Gibbs* for appellants.

(1) In this state the statute of limitations does not run against the action for admeasurement of dower in real estate, and lapse of time is no bar to a right of dower. *Littleton v. Patterson*, 32 Mo. 357, 364-5-6; R. S. Mo., 1835, pp. 392-393; R. C. Mo., 1855, p. 1045. (2) It is only where a party brings his suit in a court of equity, and invokes equitable relief, that the courts have ever held that the staleness of the claim was a bar to the claim. The staleness of a claim is a defence against an equity case, only. The case at bar is an action at law, for the admeasurement of dower, and the staleness of the claim, and the lapse of time, is no defence against this action, and appellants' motion to strike out that part of respondent's answer which set up the staleness of appellants' claim, should have been sustained. 2 Story's Eq. Jur. (12 Ed:) sec. 1520, and note 4; 2 Scribner on Dower, p. 153, sec. 32; *Sarrow v. Beam*, 10 Ohio, 498. In Missouri time does not run against a claim of dower, and a claim cannot grow stale when time

is not running against it. (3) This is stated expressly
in equity suits,—commenced in a court of equity, and
has no reference to a law action,—begun in a law court ;
in all such cases the law statute of limitations alone
applies; and if there be no limitation to such an action,.
*i. e.*,—at law and in a law court, why equity will not
interpose, and bar the action by an equitable limitation.
2 Scribner on Dower (1 Ed.) pp. 531–2, sec. 14, citing
2 Story's Eq. sec. 1520. (4) This is a suit to admeasure
and set off the widow's dower. It is the heir's duty to
set off the dower, and her non-demand thereof is not
laches in her. (5) The appellant was on the day she
was deforced of her dower and ever since that day has
been and still is under the disability of coverture. No
laches can be charged to one while under such dis-
ability. *Sutton v. Casseleggi,* 77 Mo. 397 ; 2 Perry on
Trusts, sec. 867 ; *Campbell v. Laclede Gas Light Co.,* 84
Mo. 352.

*H. Brumback* for respondent.

(1) The court did not err in overruling plaintiffs
motion to strike out the part of the answer which set up
the staleness of the demand. *Tuttle v. Wilson,* 10 Ohio,
26 ; *Ralls v. Hughes,* 1 Dana, 407 ; *Robinson v. Miller,*
2 B. Monroe, 284 ; *Barnard v. Edwards,* 4 N. H. 321 ;
*Steiger v. Hilten,* 5 G. & J. 121 ; *Kiddall v. Trimble,* 1
Md. Ch. Dec. 143 ; *Carmichael v. Carmichael,* 5 Humph.
96. (2) It is no objection that the action is one at law
and the plea of staleness of demand is an equitable one.
*Collins v. Rogers,* 63 Mo. 515 ; *Cape, etc., v. Harbison,*
58 Mo. 96 ; *State ex rel., etc., v. Meagher,* 44 Mo. 362.
Courts of law and equity have concurrent jurisdiction of
dower. 1 Story's Eq. sec. 624. (3) The dower was set out
to appellant in 1844. Dower may be assigned by parol.
2 Scribner on Dower, p. 66. (4) Her dower, having been
assigned to *her,* appellant, the twenty-four years statute

of limitations began to run against her when she quit the possession thereafter in 1844. R. S. 1879, sec. 3222; *Valle v. Obenhause*, 62 Mo. 84.

SHERWOOD, J.—Suit for the admeasurement of dower. Under the ruling of this court in *Littleton v. Patterson*, 32 Mo. 357, the statute of limitations was held not to run against a widow entitled to be endowed of lands until that her dower be assigned. Speaking on this subject, Dryden, J., in delivering the opinion of the court in that case, said: "The right limited is a *present, existing* right of action or of entry, and none the less so, because the one in whom the right is vested is under some disability to sue. But the wife's right to dower is not of this sort * * *, she is not laboring under the disability contemplated by the saving clause of the statute to enforce an existing right of action, as would be the case if during coverture she was disseized of an estate that had descended to her, but she is without such right as is actionable. By the death of her husband, her right of action becomes complete. This right, however, is merely a *chose in action*, and not a right of entry or a right of action for possession which depends for its existence on the assignment of dower; and having no right of action or of entry until dower is assigned, her rights are not within the bar of the statute." And it is said elsewhere, that "Except where specially so provided, a widow's right of dower is not barred by the statutes of limitations of the several states." Wood on Limit. of Act., 584.

This cause was not tried below on the theory here laid down; but upon the theory that the staleness of the demand barred any recovery of dower. This in substance is recited in the judgment which went in favor of the defendant, and a declaration of law given on his behalf, states that: "On account of the lapse of thirty-eight years since the death of plaintiff's former hus-

band, Patrick, the plaintiff cannot recover in this action against defendant on account of the staleness of her demand." This declaration and judgment are evidently at variance with the rule announced by this court, and the authority above cited, and, therefore, must be held erroneous. Under that rule it is obvious that if the statute of limitations does not apply to actions for the recovery of dower that cases like *Valle v. Obenhause*, 62 Mo. 81, cannot be invoked by defendant as a defence in this action, *i. e.*, until after assignment of dower occurs. And it must be equally obvious that staleness of demand, laches, etc., must be also out of place; for equity, if called on to administer a right *strictly legal* will generally follow the law of the statute. Adams Eq. 227; *Kelly v. Hurt*, 74 Mo. 561, and cases cited. But this is merely an action at law; the remedy at law being adequate and ample, there is no ground for equitable interposition and indeed there is no opportunity therefor, as under the authorities cited no right of action exists in a dowress until dower be assigned; and this being the case, staleness of demand could not arise till after the demand itself arose, by reason of the assignment of dower.

In conclusion, it may be proper to say that there are many circumstances in this transcript, both resting in parol, and of record, which might well be considered by the court or jury trying this cause on its return, as tending very strongly to show that dower was admeasured and assigned the widow Patrick; and if this was the case, then, of course, the statute would begin to run from the period of its assignment, and the widow was barred before this suit was begun. If assigned before the disability of her second marriage, then by the period of ten years. If after incurring that disability, then by the period of twenty-four years. *Valle v. Obenhause, supra; Poe v. Domic*, 54 Mo. 119. And on the re-trial of this cause, the facts that the land on which dower

is now asked to be assigned has been in continuous possession and cultivation for so long a period, with the dowress residing, it seems, only some thirty miles away, are sufficient to afford some ground for presumptions favorable to the view that dower by matter of record or matter *in pais* had been assigned to the widow and had been by her transferred, or else, considering it small value at that early period, abandoned to adverse possession. And "dower may be assigned by parol. The widow being entitled by common right, nothing is required but to ascertain her share ; and when that is accomplished by the assignment, and she has entered the freehold vests in her without livery of seizin or writing." 2 Scribner on Dower, 66, sec. 3, and cases cited. As to presumptions of the abandonment of rights where failure is made for a long period to assert them, see *Tuttle v. Willson*, 10 Ohio, 26 ; and as to the other presumptions referred to, see *Long v. Joplin M. & S. Co.*, 68 Mo. 422, and cases cited.

For the reasons aforesaid, the judgment is reversed and the cause remanded. All concur.