DYER *et al.*, *Plaintiffs in Error*, v. WITTLER *et al.*

1. **Lands of Wife, Seisin of Husband at Common Law.** Prior to our statutes limiting the common law rights of the husband in the lands of the wife, the seisin and possession of such lands with the right of action for their possession were transferred by the marriage to the husband.

2. ———: STATUTE OF LIMITATIONS. The right of action for possession of the wife's lands being in the husband, the twenty-four years statute of limitations (R. S., sec. 3222), did not commence to run against her in case of his disseisin until the termination by the death of the husband of his *curtesy initiate*. (*Valle v. Obenhause*, 62 Mo. 81, *overruled*).

3. ———: ———. Nor would said statute begin to run against the heir of the wife until the termination of the husband's *curtesy consummate* by his death.

4. **Statute of Limitations:** MARRIED WOMAN. Whenever the wife has a right of action during coverture, as for injury to the inheritance of her lands, or for the possession of lands held to her separate use, she is within the operation of the twenty-four years statute of limitations and may be barred like any other person.

*Error to the St. Louis Court of Appeals.*

REVERSED.

*Thomas A. Russell* and *E. P. Johnson* for plaintiffs in error.

(1) Our Supreme Court have continuously asserted the doctrine, since the passage of our present statute of

limitations, February 22, 1847, that where there was no seizin or right of possession, the statute did not run. *Sutton v. Casseleggi*, 77 Mo. 397; *Brown v. Moore*, 74 Mo. 633; *Embree v. Patrick*, 72 Mo. 173; *Dyer v. Brannock*, 66 Mo. 391; *Miller v. Bledsoe*, 61 Mo. 96; *Webb v. Donaldson*, 60 Mo. 394; *Carr v. Dings*, 54 Mo. 95; *Littleton v. Patterson*, 32 Mo. 357; *Salmon v. Davis*, 29 Mo. 176. And this seems to be the universal doctrine. *Jackson v. Sellick*, 8 Johns. 268; *McCorry v. King*, 3 Humphrey, 274; *Clark v. Vaughan*, 3 Conn. 191; *Jackson v. Mancius*, 2 Wend. 364; *Jackson v. Johnson*, 5 Cowen, 92, 103; *Wallingford v. Hearl*, 15 Mass. side p. 472; *Tilson v. Thompson*, 10 Pick. 362; *Miller v. Ewing*, 6 Cush. 41; *Jackson v. Schoonmaker*, 4 Johns. 400; *Marple v. Meyers*, 12 Pa. St. 127; *Foster v. Marshall*, 2 Foster [22 N. H.] 491; R. S., secs. 3219, 3222. (2) The plaintiffs did not come under Revised Statutes, section 3222, prior to the death of their father, because prior to that time they were not "entitled to commence any action," nor were they laboring under any disability to commence one. *Jackson v. Sellick*, 3 Dana [Ky.] 296; *Salmon v. Davis*, 29 Mo. 181. (3) The right of plaintiffs to bring this action commenced with the death of the husband of Mrs. Dyer. R. S., sec. 3224; *Dyer v. Brannock*, 66 Mo. 422; *Kanaga v. Railroad*, 76 Mo. 214; *May v. Hill*, 5 Lit. [Ky.] 312. (4) If the husband had conveyed his interest the alienee might have held until his death, and upon that event his wife's right of entry, if she had been living, and her heirs, if she was dead, accrued under section 3219. *Miller v. Shackelford*, 3 Dana [Ky.] 294; *Constantine v. Vanwinkle*, 6 Hill [N. Y.] 196; *Gill v. Fauntleroy*, 8 B. Monroe [Ky.] 188; *Meraman v. Caldwell*, 8 B. Monroe [Ky.] 34; *Mellus v. Snowman*, 21 Me. 204; *Bruce v. Wood*, 1 Met. [Mass.] 542. (5) It is a well settled rule of construction of statutes of limitation, that a right of action to be barred by them must come within their words. *Bedell v. Janney*.

9 Ill. 208; *Pennington v. Castleman*, 6 Mo. 258; *Humphreys v. Sandy*, 37 Mo. 322; *State v. Heman*, 70 Mo. 451; *Harris v. Ross*, 86 Mo. 89. (6) It was held in the case of *Dyer v. Brannock*, 66 Mo. 422, affirmed in *Embree v. Patrick*, 72 Mo. 173, that the intervention of the life estate stopped the running of the statute. It is a well settled rule of law that if a statute stops running, or is suspended by any cause, whether by failure to occupy land, a suspension or want of right of action in the plaintiff, or the repeal of the statute giving the right of action, and by the same act giving another right of action, the statute must begin to run anew from the time the last right of action accrued, and the latter period cannot be tacked to the former to make up the deficiency. *Armstrong v. Morrill*, 14 Wal. 145, 146; *State v. Heman*, 70 Mo. 456; *May v. Hill*, 5 Littell [Ky.] 313; *Bartlett v. O'Donoghue*, 72 Mo. 563, 565; *Turner v. Hall*, 60 Mo. 275; *Crispen v. Hannovan*, 50 Mo. 550. (7) Again, these plaintiffs had no seizin or right of possession prior to the death of their father, and a glance at the necessary ingredients of an adverse possession will show that there could have been none against them prior to that time. The first requisite is an ouster of the true owner, which is included in every definition of the term. *Williams v. Thomas*, 12 East, 152; *Bradley v. West*, 60 Mo. 41; *Mylar v. Hughes*, 60 Mo. 115; *Schultz v. Lindell*, 30 Mo. 319; Sedg. and Wait Trial of Title to Land, secs. 729, 730; Tyler Eject. 79, 874. And there cannot be an ouster of a reversion. *Doe v. Elliott*, 1 Barn. & Ald. 85, 86. (8) There is another principle of law upon which these plaintiffs might rely with entire safety, which is that, if one party enters upon land under another, he stands in the same relation to the owner as the one under whom he enters. *Gitchell v. Kreidler*, 12 Mo. App. 497. This doctrine is extended to intruders upon possessions, who stand in the same relation to the true owner as the one on whose right of possession they intrude. *Pratt v. Canfield*, 67 Mo. 53;

*Boyd v. Jones*, 49 Mo. 205 ; Tyler on Ejectment, 166, and cases cited. And these respondents intruded upon the right of possession of Abner W. Dyer, and it was impossible for him, or any one claiming under him, or intruding upon his rights, by any act or declaration, to make their possession adverse to these plaintiffs until after his death. *Salmon v. Davis*, 29 Mo. 181 ; 77 Mo. 397. (9) There is no adverse possession against a remainderman or reversioner during the continuance of the life estate. *Miller v. Ewing*, 6 Cush. 41 ; *Tilson v. Thompson*, 10 Pick. 362 ; *Wallingford v. Hearl*, 15 Mass, 472.

*D. Murphy* for defendants in error.

RAY, J.—This is an action of ejectment for certain real estate in the city of St. Louis, described in the amended petition, upon which the case was tried. Suit was commenced in May, 1878. The defence is the statute of limitations of twenty-four years. R. S., sec. 3222. The reply is, that in the year 1838 the mother of the plaintiffs was the owner of the land in fee-simple, having inherited it from her father ; that she was, at the time, the wife of Abner W. Dyer, their father ; that there was issue born alive of the marriage in 1837 ; that their marital relation continued until 1869, when it was dissolved by the death of the mother ; that the father survived and died in 1870 ; that the plaintiffs are the only surviving issue of the marriage, and claim the premises as heirs of their said mother.

At the trial evidence was given tending to support this reply. The court, under appropriate evidence, in that behalf, offered by the defendants, gave the following declaration of law, which drove the plaintiffs to a nonsuit :

"The court, of its motion, declares the law to be, that if defendants, or those under whom they claim, entered upon a tract of land, embracing the premises described in the petition herein, in the year 1846, claim-

ing to own said tract under and by virtue of a deed purporting to convey the same to them in fee, and in that year enclosed said tract with a fence, and improved and cultivated said tract, and occupied said tract (or the portion thereof described in the petition), so enclosed and improved continuously from that time, under such claim of title, up to the time of the death of Abner W. Dyer, on or about the twenty-fifth of June, 1870, and for three years next after his death, and before the original petition in this case was filed, the plaintiffs are not entitled to recover."

After an unsuccessful motion to set aside non-suit, the plaintiffs took the case, by writ of error, to the St. Louis court of appeals, where the ruling and judgment of the circuit court was affirmed, from which the plaintiffs bring the case here by writ of error. From this record it appears that the plaintiffs claim the property in question as the heirs of their mother, who, at and before 1846, when the adverse possession, under which the defendants claim, first commenced, was the owner in fee of said real estate, and a married woman, with issue born alive of that marriage; that the said marriage continued until 1869, when it was dissolved by the death of the mother; that the father survived the mother and died in 1870; and that this suit was commenced in 1878, and within ten years after the death of the father, but not until thirty-two years after said adverse possession had commenced, and thirty-one years after the date of the present statute of limitations of 1847, and more than three years after the death of their father. The defence is the twenty-four years statute of limitation. Under this state of facts, the only question is, are the plaintiffs barred of their right of action under a proper construction of the statute of limitation of 1847, invoked by defendants, for their protection.

The first section of that act—now section 3219 of the Revised Statutes of 1879—on its face declares in sub-

stance that no action for the recovery of lands, or the possession thereof, shall be commenced, had, or maintained, by any person whatever, unless it appears that the plaintiff, his ancestor, predecessor, grantor, or other person under whom he claims, was seized or possessed of the premises in question within ten years before the commencement of such action or suit. (But, it may be remarked, at the outset, that by common consent the proper construction of the statute is, that notwithstanding the sweeping language of the first section of the act no person is embraced in or contemplated by the first or any subsequent section of the statute, except such as have a *present existing* right to commence an action or make an entry). *Dyer v. Brannock*, 66 Mo. 422; *Johns v. Fenton*, 88 Mo. 64; *Harris v. Ross*, 86 Mo. 89.

Section 4 (now section 3222, of the Revised Statutes, 1879) declares that: "If any person entitled to commence any action, in this article specified, or to make an entry, be, at the time such right or title shall first descend or accrue, either within the age of twenty-one years, or insane, or imprisoned on any criminal charge, or in execution upon some conviction of a criminal offence for any time less than life, or a married woman, the time during which such disability shall continue shall not be deemed any portion of the time, in this article limited, for the commencement of such action or the making such entry; but such person may bring such action, or make such entry after the time so limited, and within three years after such disability is removed; provided, that no such action shall be commenced, had, or maintained, or entry made, by any person laboring under the disabilities specified in this section, after twenty-four years after the cause of such action, or right of entry shall have accrued."

Section 3224, Revised Statutes 1879, reads that: "If any person, entitled to commence such action or to make such entry, die during the continuance of any disability specified in section three thousand two hundred and

twenty-two, and no determination or judgment be had of the title right of action to him accrued, his heirs, or any person claiming from, by or under him, may commence such action or make such entry after the time in this article limited for that purpose, and within three years after his death, but not after that period."

The question before us, it may be remarked, is determinable, of course, by the state of the common law, as it stood at that date, unaffected by subsequent statutes, limiting the common law rights of the husband in the fee-simple estates of the wife. The material and decisive question for determination in this case, therefore, is to whom, by the common law as it stood at that date, did the right of action or cause of entry accrue, by reason of the adverse possession or disseisin, under which the defendants claim title. The solution of that question depends upon another, to-wit, who, under the law and the facts had, or was entitled to the seisin and possession of the premises when the adverse possession first commenced.

The court of appeals, in their opinion affirming the ruling and judgment of the circuit court (14 Mo. App. 52), held that the case was governed by that of *Valle v. Obenhause*, 62 Mo. 81, as modified and explained by *Dyer v. Brannock*, 66 Mo. 391, 442, adjudicating upon this very title. That case (*Valle v. Obenhause, supra*) held that: "The husband is understood to be jointly seized of his wife's estate, and during the existence of coverture he is not tenant by the curtesy, but only seized by right of his wife, and if there be a disseisin it is of the joint estate, and they must jointly bring an action to recover the possession. Under this view of the title of husband and wife in the lands of the wife, the statute of limitation will begin to run from the date of the disseisin against both." If that ruling be accepted as the present state of the law in this state on this question, the plaintiffs are unquestionably barred. It has been

Dyer v. Wittler.

something over ten years since that decision was rendered, and it has justly been esteemed an important one, and if, during all that time, its correctness has not been challenged, it should not now be lightly called in question. It becomes important, therefore, to consider, not only the case itself, but, also, how far, if at all, and to what extent it has since been questioned, modified or overruled.

In the first place it may be remarked that the opinion in that case was that of a majority of the court, one of its members being absent and another delivering a dissenting opinion to the effect, "That the wife had no right of action or entry after the disseisin until the death of the husband, and that her grantee, the plaintiff, in that event, was not barred by the statute of limitations." It may also be added that one member of the majority placed his concurrence in that opinion on grounds somewhat different from those stated in the opinion proper. It may be further remarked that the case, when decided, was regarded by the court as a new one in regard to the proper construction of our statute of limitation, and for that reason, as well as its own merits, was carefully considered by the several judges in their respective opinions. In that of the court proper, as well as that of the dissenting judge, the two "opposing theories" are elaborately discussed, and numerous authorities cited in support of the respective positions, so that but little, if anything, remains to be said on the question itself beyond a few remarks, the citation, perhaps, of some additional authorities, and a consideration of subsequent decisions of this court, in which the question itself, or the legal propositions on which the question at issue rests, are stated and recognized with more or less distinctness, or else more elaborately considered, and in one case, at least, where the *Valle v. Obenhause* case is directly questioned, and its construction of the statute of limitation, in this behalf, expressly challenged. The *Valle v. Obenhause* case itself, in speaking of the effect of the

Dyer v. Wittler.

tenancy by the curtesy of the husband upon the wife's seisin and possession of her fee-simple estate, concedes that "it is clear that if a wife has a mere reversion the statute does not bar her until her reversion vests by the death of her husband, since in such cases her right of action only commences on the termination of the particular estate." The court then remarks, "Where a particular estate has been created by the husband, whether with or without the consent of the wife, the wife, or her heirs, cannot sue until its determination." The error in this is that the creation of the particular estate is the act of the marital law, and not of the husband's deed; the latter simply transfers what the former creates. Under the facts and authorities, the seisin and possession of the wife by operation of the marital law, is transferred to the husband during his life, consequently no right of action accrues to her or her heirs until his death, and in such case the wife is not within the purview of either the ten or twenty-four year provisions of section 3222, since she is not, in the language of that section, entitled to commence an action or make an entry. In such case, no cause of action whatever accrues to the wife, until the husband's death. The question of the right of action depends upon the fact and right of seisin or possession. Whoever is entitled, under the law, to the possession, "*ex necessitate*," is entitled to the right of action. As was well said in the dissenting opinion in the *Valle v. Obenhause case, supra*, the statute of limitations (section 3222) does not undertake to determine who is or who is not entitled to commence an action or make an entry, but simply provides within what period such person so entitled shall commence their action or make their entry. That question is determinable solely by the common law applicable to the facts of the case.

It may be conceded, also, as claimed in the concurring opinion in that case, that the statute was designed to operate with uniformity, and exclude all alike whether

infants, *feme coverts*, insane persons, etc., after the lapse of twenty-four years from the date when the right or title contemplated shall have first accrued. "If (as elsewhere said, in said concurring opinion, in speaking of the right of action) it has descended or accrued, then by the express proviso of the statute, twenty-four years, even in the case of a married woman, makes a complete bar." But the question remains, has the right in question, under the law and the fact, so accrued. If it has, it is unquestionably barred. But otherwise, not. It is true that infants, insane persons, prisoners, and married women, are all grouped together in section 3222, and are all to be treated alike, as barred by its provisions whenever they are alike entitled to sue, but only when so entitled. There is a marked difference in the effect, which the several disabilities therein mentioned have upon the subjects thereof, at least so far as the married woman is concerned. It must be remembered that as to infants, insane persons, and prisoners, their several disabilities have no effect to displace or suspend their seisin or possession of their real estate. Not so in the case of a married woman. Her disability of coverture, by its own force, under the marital law, operates to transfer her seisin and possession of her fee-simple estate to her husband, and with it the consequent right of action. This important difference, so far as a right of action incident to a disseisin is concerned, seems to have been overlooked, both in the opinion of the court and that of the concurring opinion.

But passing from that decision, the next case in which this question came before the court, is that of *Dyer v. Brannock*, 66 Mo. 420 to 423, and especially 422, which appears to be an adjudication upon this very title involved in this case. 14 Mo. App. 54; 2 Mo. App. 432. The opinion in this case, as I understand it, seriously impairs, if it does not virtually overrule that in *Valle v. Obenhause*. While it in terms evidently recognizes the

ruling in that case, yet it states with much distinctness and clearness, and with apparent approval, the general leading legal propositions announced as the basis of the dissenting opinion in that case. It appears to me difficult, if not impossible, to reconcile the two cases. It is there stated that, "It is generally understood that the statute of limitations does not run against any one who has no right of possession." It is there also said, speaking of the husband, that, "So long as he lived, his life tenancy, whether outstanding in a third person or remaining in him, effectually prevents any action or entry by his heirs." It is there further said, "This would be the result, whether the husband, during the life of the wife, had transferred his estate to some third person, by deed, or it has passed to an adverse possessor." It is also there said, in speaking of the instruction of the trial court in that case, that: "The objection to this instruction is, that the tenancy by the curtesy of A. W. Dyer, consummate on the death of his wife, is entirely overlooked. Mrs. Dyer died in 1869, before the bar of twenty-four years had elapsed. Her estate, not having been barred by the statute of limitations, on her death passed to her heirs. Her heirs, however, could not sue on her death, because her husband survived her, and they had no right of entry or action during his life estate. If the statute of limitations is construed to run against them from the death of the mother, it operated against parties who had no right of action, and who would have been trespassers had they undertaken to enter. Indeed, upon this construction of our statute, had the husband lived three years or more after the death of the wife, the title of the heirs would be wholly destroyed, since they cannot sue during the continuance of the particular estate, and before its determination, the three years from the death of the mother have gone by." It is also stated in said opinion, that: "The person barred by the statute is one whose right of entry has accrued, and who

neglects to sue during the three years allowed after his right of action accrues." The opinion then winds up with this remark: "Whether in the event the suit had not been brought within three years after the death of the husband, the heirs would have been barred by an adverse possession of ten or ·thirteen years, as was held by the court of appeals, is of no practical importance in the case. It is unnecessary to give an opinion on this question until such a case arises." And just that identical case has arisen on this record and upon the same title, and we are now called on to decide what was there waived.

In the case of *Kanaga v. Railroad,* 76 Mo. 214, the court states the common law rights of the husband in the wife's fee-simple lands, in the following pointed language: "The husband, during the marriage, has the exclusive right to the possession of her real estate not held to her sole and separate use, and is the only proper party plaintiff in a suit to recover possession thereof." If this be true, the ruling in *Valle v. Obenhause, supra,* cannot be correct. In the still later case of *Gray v. Dryden,* 79 Mo. 106, Martin, C., uses this equally pointed language: "This was· an action for an injury to the actual possession of real estate. The possession of the wife was the possession of the husband. I do not well see how their possession can be joint or common under our law. Certainly this is not so in respect to her general real estate, which is placed by the law in the exclusive possession of her husband. Where he is in possession of it, the fact that she is on it with him gives her no possession any more than to any other member of his family whose actions are subject to his control. She is not in joint possession with him because she is there, and she is not a necessary party to any suit to vindicate the possession against trespassers and wrong doers." In a still later case, that of *Mueller v. Kaessman,* 84 Mo. 318, 324, 330, it was held that, "In this state a wife is not a

necessary party to an action of ejectment by the husband for her lands." The leading question, however, in that case was as to how far and to what extent the common law rights of the husband in the real estate of the wife, was changed, modified, or abolished, by section 3295, Revised Statutes, 1879, first enacted in 1865. In the discussion of that question the common law rights of the husband, anterior to that statute, are stated at page 324, in the following language : " What were the rights of husband at common law in the land of the wife ? These : he was jointly seized with her of that land ; had, *jure uxoris*, the exclusive right to the possession of that land, its rents and profits ; could make a tenant to the *præcipe;* could lease or mortgage by his own deed alone, or by his deed without joining his wife with him ; convey his marital interest in the land, which conveyance would be good during their joint lives, and his freehold estate might be seized and sold on execution." At page 330, this further language is used : " At common law it was necessary for the husband to join the wife with him in an action to recover the real estate of the wife. * * * And if the common law rule has not been abrogated by our code, it would seem that she *must* be joined. It has, however, been otherwise decided in this state, the husband being regarded as the only necessary party plaintiff in actions for the recovery of her lands." Citing *Gray v. Dryden,* 79 Mo. 106 ; *Cooper v. Ord,* 60 Mo. 420, and cases cited.

This case, also says the *Kanaga Case,* 76 Mo. 214, "In so far as it conflicts with the views herein expressed, should be no longer adhered to." But this, as I understand the case, does not affect or overrule anything therein said as to the common law rights of husband and wife, anterior to the enactment of the statute (section 3295) limiting such rights, but only his rights to his wife's land, since the passage of the statute under construction. In a still later case, that of *Harris v. Ross,*

86 Mo. 89, this language is used : "It is of the essence of the statute of limitations not to run against a party until a right of action has accrued to such party. The statute, strictly speaking, it must be remembered, whether expressly or by analogy, deals only with the right of action, and when there is no such right there can be no bar. In such case there is nothing for the statute to operate upon or to set the same in motion. * * * Section 3222, of the statute of limitations, by its terms, deals only with persons entitled to commence an action or make an entry, and section 3224, of same act, has no application to the heir of a person not thus entitled."

In the late case of *Campbell v. The Laclede Gas Co.*, 84 Mo. 352, at pages 376-7, the commissioner, after showing that the plaintiffs were clearly barred by the ten-year statute of limitation, adds this further paragraph : "Under the rule approved in *Valle v. Obenhause*, 62 Mo. 81, the plaintiffs would be barred by the absolute limitation of twenty-four years, which runs through all these disabilities, excepting only the suspension of the right to sue, by reason of an existing tenancy by curtesy." This, at least, is a recognition by the commissioner who wrote that opinion, of the rule laid down in *Valle v. Obenhause*. The authority of that case, so far as this one is concerned, however, may well be questioned for two reasons : 1. As it appears that the plaintiffs were clearly barred by the ten-year law, it would seem that there was nothing left for the twenty-four-year proviso to operate on, and its potency was not at all needed, as it only operates when the ten-year law fails to destroy plaintiff's title. 2. As it appears that the disability under which the parties labored, through whom the plaintiffs claim, at the time the adverse possession was first taken, was that of infancy, and not coverture, as in the case at bar, their subsequent disability of coverture would afford no protection, as cumulative disabilities are not allowed. But

be this as it may, the commissioner evidently recognized the authority of that case. To this opinion of the commissioner there is a concurring opinion of a member of the court, concurred in by three others of the judges, to the effect that, "While he concurred in the holding plaintiffs to be barred, it was not upon the authority of that case; and he desired to add to what he had heretofore said in his dissenting opinion (62 Mo. 90), that a statute which deprives a married woman of her property for failure to sue for it in twenty-four years, when during all that time she had no right to the possession, and could not, therefore, maintain an action for such possession, was, in his opinion, plainly unconstitutional. The construction given to the statute by a majority of the court in that case (62 Mo.) could not, therefore, be the correct one." This concurring opinion is at least a declaration to the effect that the rule laid down in that case is not the law. It is, however, proper to say of this concurring opinion, as was said of the opinion of the commissioner, that its authority also may be equally questioned for the same reasons.

The last case in which reference is made to the ruling in *Valle v. Obenhause*, 62 Mo. 81, is that of *Johns v. Fenton*, 88 Mo. 64, which was a suit by the wife and her second husband for the admeasurement of dower in the real estate of her first husband. The doctrine of that case, as I understand it, in treating of the scope and operation of the statute of limitations, is to the effect that, "The right limited is a *present existing* right of action or of entry; that the wife's right to dower is not of that sort, and for that reason not barred by the statute, and that it is obvious that cases like *Valle v. Obenhause*, 62 Mo. 81, can have no application to such a case." This, manifestly, is the correct doctrine. The court, there, speaking of the assignment of dower, holds that the statute begins to run from the period of its assignment, and if assigned before her second marriage, her

right of action would be barred in ten years. If after that marriage, then, by the period of twenty-four years, citing *Valle v. Obenhause.* Conceding, without admitting, that that might be true; yet, it is obvious that such a case is not in point, and would be no authority in support of the ruling in *Valle v. Obenhause,* for the reason, if no other, that the wife's real estate in the case supposed is not an estate of *inheritance* to which the husband's tenancy by the curtesy could attach or interpose, as in that case and in the one at bar. This case, therefore, has no application, and is not an authority in the case at bar.

The law on the question at issue is well stated in strong and pointed language in Sedgwick and Wait on Trial of Title to Land, at page 117 and 118, section 219, where it is said: "A tenant by the curtesy initiate may sue alone for the possession of his wife's land, and for damages for withholding it.  *  *  *  At common law the husband's interest in the estates of which the wife was possessed at the time of the marriage, was a freehold, he alone having the right of entry and the present right of exclusive enjoyment. The wife could not recover the lands from a stranger, even though her husband was joined as defendant, and disclaimed title, and admitted the wife's right to possession." To the same effect, also, is the case of *Clark v. Clark,* 20 O. St. 128, where it is said that during coverture the right of possession of the wife's fee-simple lands is in the husband, and the wife cannot maintain an action to recover the same from a stranger. *Wilson v. Arentz,* 70 N. C. 670, is also a case in point. In that State it seems they have a statute substantially like section 3895, Revised Statutes 1879, and it was there held that, "A tenant by the curtesy initiate has a right to sue alone for the possession of his wife's land, and for damages for the detention of it,  *  *  *  and the fact that the act of 1848 (Battle's Rev., ch. 69, sec. 33) deprives him of the power to lease

the land, without the consent of his wife, will not prevent his recovery of the land by an action, under C. C. P. without joining his wife as a party."

To the same effect are the cases of *Bledsoe v. Sims,* 53 Mo. 305; and *Kanaga v. Railroad,* 76 Mo. 207; *Cooper v. Ord,* 60 Mo. 421, 430. In the North Carolina case of *Wilson v. Arentz et al., supra,* it is said that, "For an injury done to the *inheritance* his wife must have joined in the suit, for a trespass to the *possession* he could sue alone." This, I apprehend, is the true criterion for determining when the wife is, or not, a necessary or proper party to a suit, affecting the wife's fee-simple lands.

The objection that the construction here given section 3222 of the statute of limitations, renders the same nugatory and senseless, so far as a married woman is concerned, is not, we think, well taken. A married woman during coverture may have a right of action for an injury done to the *inheritance* or *integrity* of her fee-simple lands, or to the *possession* of her sole and separate estate in lands to which the husband's marital rights are excluded, just as any other person, and these rights of actions of hers, and others of a like character, are just as much within the operation of that section as any other of the parties therein named. Whenever and wherever she has a right of action during coverture, she is as fully within the operation of that section, twenty-four years and all, as any other party therein mentioned, and equally barred whenever they are barred. This objection, therefore, is without force or merit, and is fully met and refuted in the dissenting opinion of Judge Hough in the case of *Valle v. Obenhause,* 62 Mo. 81, and the argument need not be here re-stated.

The contention and point in judgment in this case is that the wife, during coverture by reason of the husband's curtesy *initiate,* had no right of action, and that

after her death her heir had none by reason of the husband's curtesy consummate, prior to his death, and for these reasons the plaintiffs are not barred by the statute of limitations. Adopting the views expressed in the dissenting opinion of Judge Hough in the case of *Valle v. Obenhause*, 62 Mo. 81, and of the authorities there cited, as well as in consideration of the views expressed in the subsequent decisions of this court hereinbefore mentioned, and the additional comments, reasons and authorities herein given and cited, we hold that the ruling of the court in that case is not the correct one, and its authority in that particular is hereby overruled.

This leads to the conclusion that, upon the facts of this case, the plaintiffs herein are not barred of their right of action, and for these reasons the 'judgment of the St. Louis court of appeals is reversed, and the cause remanded for further proceeding in conformity to the views here expressed. All concur, except Sherwood, J., who dissents