## E. C. MACFARLANE *v.* S. M. DAMON, C. M. COOKE, J. O. CARTER, C. M. HYDE and C. R. BISHOP, Trustees under the will of B. P. BISHOP, deceased.

---

## E. C. MACFARLANE *v.* W. F. ALLEN.

EXCEPTIONS FROM CIRCUIT COURT, FIRST CIRCUIT.

SUBMITTED OCTOBER 2, 1896.      DECIDED NOVEMBER 4, 1896.

JUDD, C.J., FREAR AND WHITING, JJ.

A parol gift of land followed by over twenty years adverse possession cannot be disturbed.

An estoppel by silence is not established where the party seeking the estoppel was aware that the land upon which she made the improvements was another's, and where the true owner was under no obligation to speak, and merely kept silence.

Both of these cases are actions of ejectment and were heard together in the Circuit Court of the First Circuit, jury being waived. In the first case, the one against the Trustees of the estate of the late Mrs. Bernice P. Bishop, the plaintiff, the lessee of the estate of the late Queen Emma, sought to recover possession of a strip of land on the western side of the stream called "Apuakehau," on the makai side of the Waikiki road in the district of Honolulu. This piece of land is within the boundaries of the Ili of "Kaluaokau," which land was originally the property of the late King Lunalilo and which he left by will to Queen Dowager Emma. This Ili takes nearly all the bed of the stream makai of the bridge to the sea. The defendants claim this land by virtue of a parole gift of Lunalilo, then prince, to King Kamehameha V., the circumstances being that one Kamaipuupaa's land where the king was living and which was adjacent to and in the rear (with reference to the stream) of Lunalilo's said land of Kaluaokau, was liable to be flooded by freshets from the river. The king, who had a kuleana makai of Kamaipuupaa's land, wished to build a retaining wall to protect Kamaipuupaa's premises and Lunalilo being asked permission, gave the strip of land to the king. This was in 1864 or thereabouts and the king built the wall, filled in behind it and continued in possession of it until his death, and Kamaipuupaa and her grantees have continued in possession of it until now. The possession was found by the court to have been adverse, notorious, exclusive and continuous. The trial court held that the statute of limitations of real actions had run in favor of defendants, and gave judgment for them. We do not feel authorized to disturb this judgment, which may be called a verdict, as the court sat as a jury of the facts. There is evidence sufficient to sustain it. The evidence will bear the construction apparently put upon it by the court that the transaction was not a revocable parole license but was a parole gift and was not revocable after twenty years adverse occupation.

We overrule the exceptions in this case.

In the second case, *Macfarlane v. Allen,* the land claimed by plaintiff is a piece of land originally the bed of the stream within the boundaries of the said Ili of "Kaluaokau." The land has not been in possession of defendant or his ancestors in title for twenty years, but the larger part of it was made into dry land by Mrs. B. P. Bishop by filling in the bed of the stream in front of land owned by her. The defendant claims the land upon the doctrine of equitable estoppel. The trial court found, reciting the essentials of an estoppel *in pais* as established by this court in *Kela v. Pahuilima,* 5 Haw. 527, that the facts did not sustain the plea especially because there was lacking the ingredient of want of knowledge on the part of Mrs. Bishop that the land which she filled in and improved was not hers. The court found as a fact that she knew the land was Queen Emma's and we find evidence to sustain this.

The defendant's counsel urged that an estoppel may exist in favor of the defendant who has acted with a full knowledge that the title to the land was in the plaintiff, and that in this case there is an estoppel because Mrs. Bishop, though knowing the land was Queen Emma's, improved it, relying upon the original promise of Lunalilo to Kamehameha (that he might have it in order to build a retaining wall to the sea), and Queen Emma, having knowledge of Mrs. Bishop's acts, acquiesced therein.

The facts do not sustain this view.

The filling in of the land by Mrs. Bishop up to a line projecting almost at right angles with the wall does not seem to be an extension of the protecting wall (see map) or necessary to the protection of Kamaipuupaa's land. The protecting wall of coral stone was finished nearly to the end of Kamaipuupaa's land by Kamehameha in his life time for which the gift of the land incident to it was made. The "work," the witnesses say, was not completed by Kamehameha but was "finished by Mrs. Bishop," but it is clear from the evidence that the wall to protect Kamaipuupaa's land and Kamehameha's kuleana was completed by Kamehameha, along the line of Kamaipuupaa's land and nearly to its end.

No act, representation or conduct of Queen Emma is shown which would estop her. Her mere silence is shown. But there was no apparent duty upon her part to speak, nor any specific occasion to speak, and no proof that Queen Emma knew that Mrs. Bishop was acting in reliance on her silence and would not have so acted if the truth was told her.

*Viele v. Johnson*, 82 N. Y. 32.

There is no evidence that Mrs. Bishop knew of the parole gift of Lunalilo, and, if so, she could not have relied upon it in making the improvements. Where a person takes possession of land of another knowing the true title he is a trespasser, and if he proceed to improve the land though the real owner seeing it says nothing, no specific opportunity occurring when he should speak, he is not estopped from thereafter claiming his land. See *E. K. Nahaolelua et al. v. Kaaahu et al.*, *ante*, p. 18. In all the cases we can find, including those cited by counsel for defendants, where possession of land is taken and the improvements made upon it and an estoppel is found, either the party so acting and seeking the estoppel was ignorant of the true state of the title, or if he knew the land was not his own he relied upon some act or representation of the true owner which it was incumbent upon him to disavow and which it would be inequitable and against good conscience for him thereafter to deny. Some of the cases referred to are:

> *Malaska & Co. R. R. v. Des Moines Val. R. R.*, 28 Iowa, 437.
>
> *Faxton v. Faxon*, 28 Mich. 159;
>
> *Kanaga v. R. R.*, 76 Mo. 207;
>
> *Dickenson v. Colgrove*, 100 U. S. 578;
>
> *Trenton Bk. v. McKelway*, 8 N. J. Eq. 84.

In any view of the evidence we fail to find that an estoppel is established.

The exceptions are overruled.

*C. Brown*, for plaintiff.

*Kinney & Ballou*, for defendants in both cases.